IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM ANSELL,

        Plaintiff(s),                09cv1398
                                                  **ELECTRONICALLY FILED**
    v.

ROSS TOWNSHIP, ET AL.,

        Defendant(s).


**MEMORANDUM ORDER**

Before the Court is defendants' Vincent Longo, Ronald Stokes, James Stegena, and Martin George (collectively referred to as Defendant Deputy Sheriffs) Motion to Dismiss Plaintiff's Claims as to Defendant Deputy Sheriffs (specifically, Count X - Excessive Force; Count IV - Assault and Battery; Count IX - Intentional Infliction of Emotional Distress; and County III - Civil Conspiracy) (doc. no. 18).  On October 16, 2009, plaintiff initiated this civil rights lawsuit against the defendants, and on December 6, 2009, plaintiff filed his first amended complaint (doc. no. 14), which is the subject of the Defendant Deputy Sheriffs' pending motion to dismiss.  The other defendants have filed their answers to the first amended complaint (doc. no. 17, doc. no. 20, doc. no. 21).

Defendant Deputy Sheriffs argue that plaintiff's first amended complaint must be dismissed based upon qualified immunity, because the level of force was objectively reasonable, and that the other claim for civil conspiracy and state law torts should also be dismissed with prejudice.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal.* While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of the first amended complaint, when taken as true, allows the Court to draw a

reasonable inference that the defendants are liable for the misconduct alleged, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*. See also, *Fowler v. UPMC Shadyside*, no. 07-4285 (3d Cir. August 18, 2009), quoting *Iqbal*, 129 S.Ct. At 1949. ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'").

As for Defendant Deputy Sheriffs claim of qualified immunity, after following the two step analysis set forth in *Saucier v. Katz*, 533 U.S. 1919 (2001), the Court finds that the facts *alleged*, when taken as true, show that the officers' conduct violated a constitutional right - namely that the Defendant Deputy Sheriffs' conduct violated plaintiff's Fourth Amendment right to be free from unreasonable seizure, i.e. excessive force. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Moreover, it would be nearly impossible to decide the excessive force claim and related state law claims without allowing plaintiff an opportunity to develop the record through the discovery process. Accordingly,

**AND NOW, this 20th day of January, 2010,** after due consideration to Defendant Deputy Sheriffs' motion to dismiss the complaint (doc. no. 18), and plaintiff's response thereto (doc. no. 25),  **IT IS HEREBY ORDERED** that said motion to dismiss (doc. no. 18) is GRANTED as to Civil Conspiracy (Count III), based upon plaintiff's consent to dismiss said

count without prejudice, and in all other respects, said motion to dismiss is DENIED (doc. no. 18) without prejudice to Defendant Deputy Sheriffs' raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

        SO ORDERED this 20th day of January, 2010.

        s/Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    all counsel of record